IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| COLVIN MCCRIGHT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | No. C 12-01502 EJD (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a California prisoner at Pelican Bay State Prison ("PBSP") in Crescent City, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging that state officials have denied him good time and work credits to which he is entitled and have failed to revise his sentence as required by state law. Plaintiff seeks damages as well as injunctive and declaratory relief. Plaintiff's motion for leave to proceed in forma pauperis, (Docket Nos. 2 & 4), will be addressed in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

　　　Federal courts must engage in a preliminary screening of cases in which

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.12\01502McCright_dism (Heck).wpd

prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

According to the complaint, Plaintiff was sentenced to 7 years to life in state prison under the Indeterminate Sentencing Law ("ISL"). (Compl. 5.) Plaintiff claims that a change in state law required the Board of Prison Terms ("BPT") to "recompute and revise" his ISL term to a term under the new Determinate Sentencing Law ("DSL") as well as grant him good-behavior credits. (Id.) Plaintiff alleges that defendants have not complied with state law because they have "maintained a policy and practice that expressly prohibits Plaintiff from being granted said credits." (Id.) Plaintiff alleges that the BPT's failure to grant Plaintiff credits has "resulted in Plaintiff['s] current sentence exceeding the ISL and DSL guidelines." (Id. at 6.)

The Court notes that Plaintiff alleged almost identical claims in a previous § 1983 action which was dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). See McCright v. Schwarzenegger, No. C 08-00804 JW (PR) (N.D. Cal. Aug. 14, 2008) ). The Ninth Circuit Court of Appeals affirmed the dismissal in an unpublished opinion, finding that dismissal was proper under Heck. See McCright v. Schwarzenegger, No. 08-16994, slip op. at 2 (9th Cir. Apr. 20,

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.12\01502McCright_dism (Heck).wpd        2

1   2010) ). For the same reasons, the instant action must be dismissed.

2       In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

    Heck also bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Plaintiff's claims fall squarely within this realm of cases barred by Heck. Plaintiff essentially claims that the defendants' allegedly unlawful actions are the cause of his prolonged confinement, which directly implicate the duration of his sentence. Id. at 233. Furthermore, Plaintiff has failed to allege that the BPT's decisions with respect to his credits or their failure to revise his sentence from ISL ro DSL has since been reversed, expunged, set aside or called into question. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Until then, Plaintiff's action is barred by Heck. Id. Accordingly, Plaintiff's claims are DISMISSED without prejudice.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice.

DATED: 7/10/2012



EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.12\01502McCright_dism (Heck).wpd    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT,

        Plaintiff,

  v.

EDMUND G. BROWN, JR., et al.,

        Defendants.

                                             /

Case Number: CV12-01502 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/10/2012 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Colvin McCright B-08892
Pelican Bay State Prison
5905 Lake Earl Drive
P. O. Box 7500
Crescent City, Ca 95532

Dated: 7/10/2012

                                        Richard W. Wieking, Clerk
                                  /s/By: Elizabeth Garcia, Deputy Clerk